FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 18 2017 ★

LONG ISLAND OFFICE

ALB:BTR:CPK
F.# 2017R01799

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

FLORO ANTONIO MACIEL BENEGAS,
TARCISCIO FERREIRA and
FAUSTO PERALTA,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

INDICTMENT

Cr. No **CR 17 577**

(T. 31, U.S.C., §§ 5313, 5316(a),
5316(b), 5317(c)(1)(A),
5317(c)(1)(B), 5322(a), 5322(b),
5324(a)(3), 5324(d)(1) and
5324(d)(2); T. 21, U.S.C., §§ 853(p);
T. 18, U.S.C., §§ 1960(a),
982(a)(1), 982(b)(1), 2 and
3551 et seq.)

**SEYBERT, J.**

**SHIELDS, M.J.**

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

Money Transmitting Business License Requirements

1. The term "money transmitting business" was defined in Title 31, United States Code, Section 5330(d)(1)(A) to include any business, other than the United States Postal Service, that (a) provided check cashing, currency exchange and money transmitting and remittance services, issued and redeemed money orders, travelers' checks and other similar instruments and any other person who engaged as a business in the transmission of funds, including any person who engaged as a business in an informal money transfer system and any network of people who engaged as a business in facilitating the transfer of money domestically and internationally outside of the conventional financial

institutions system, (b) that was required to file reports under Title 31, United States Code, Section 5313 and (c) that was not a depository institution.

2. Title 31, United States Code, Section 5330(a)(1) required that all "money transmitting businesses" must be registered with the Secretary of the United States Department of the Treasury, an agency and department of the United States, within 180 days of the date on which the business was established.

3. Pursuant to New York State Banking Law Section 650(2)(a), the operation of an unlicensed money transmitting business was punishable as a misdemeanor; pursuant to New York State Banking Law Section 650(2)(b)(1), the operation of an unlicensed money transmitting business was punishable as a felony if the business received $10,000 or more for transmission in a single transaction, $25,000 or more for transmission in a period of 30 days or less, or $250,000 for transmission in a period of a year or less.

4. Under New York State and Federal law the term "money transmitting" included transferring funds on behalf of the public by any means, including transfers by wire, check, facsimile and courier.

The Currency Reporting Requirements

5. The United States currency reporting requirements provided as follows:

a. Pursuant to Title 31, United States Code, Section 5313 and Title 31, Code of Federal Regulations, Section 1010.311, domestic financial institutions were required to file a Currency Transaction Report ("CTR") with the U.S. Department of Treasury for each transaction of currency such as a deposit, withdrawal, exchange of

currency and other payment and transfer by, through and to the financial institution involving more than $10,000.

      b.    Pursuant to Title 31, Code of Federal Regulations, Section 1010.313, multiple currency transactions were treated as a single transaction if the financial institution had knowledge that they were by or on behalf of any person and resulted in either cash in or cash out totaling more than $10,000 during any one business day. Deposits made at night or over a weekend or holiday were treated as if received on the next business day following the deposit.

      c.    CTRs required disclosure of, among other things, the identity of the individual who conducted the transaction and the individual or organization for whom the transaction was completed.

      d.    CTRs were required to be filed to assist the United States in criminal, tax and regulatory investigations and proceedings, pursuant to Title 31, Code of Federal Regulations, Section 1010.301.

      e.    Pursuant to Title 31, Code of Federal Regulations, Section 1010.100(xx), "structuring" financial transactions included the breaking down of amounts of currency into amounts of $10,000 or less prior to transacting business with domestic financial institutions, for the purpose of evading the currency reporting requirements.

## COUNT ONE
(Operation of Unlicensed Money Transmitting Business)

      6.    The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7.	On or about and between January 1, 2016 and October 18, 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FLORO ANTONIO MACIEL BENEGAS, TARCISCIO FERREIRA and FAUSTO PERALTA, together with others, did knowingly and intentionally conduct, control, manage, supervise, direct and own all and part of an unlicensed money transmitting business, which affected interstate and foreign commerce, and operated without an appropriate money transmitting license, contrary to New York Banking Law Section 650(2)(a) and 650(2)(b)(1).

(Title 18, United States Code, Sections 1960(a), 2 and 3551 et seq.)

COUNT TWO
(Failure to File a Report)

8.	The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

9.	On or about and between January 1, 2016 and October 18, 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FLORO ANTONIO MACIEL BENEGAS, TARCISCIO FERREIRA and FAUSTO PERALTA, together with others, did knowingly and willfully fail to file a Currency Transaction Report required by Title 31, United States Code, Section 5313(a) and the regulations promulgated thereunder, Title 31, Code of Federal Regulations,

5

Section 1010.310, and did so as part of a pattern of illegal activity involving more than $100,000 in a 12-month period.

(Title 31, United States Code, Sections 5316(a), 5316(b), 5322(a) and 5322(b); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT THREE
(Structuring Financial Transactions)

10. The allegations contained in paragraph five are realleged and incorporated as if fully set forth in this paragraph.

11. In or about and between January 2016 and October 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FLORO ANTONIO MACIEL BENEGAS, TARCISCIO FERREIRA and FAUSTO PERALTA, together with others, for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations prescribed thereunder, did knowingly and intentionally structure and assist in structuring one or more transactions with one or more domestic financial institutions, to wit: JPMorgan Chase, Wells Fargo, Bank of America, TD Bank, Capital One and the United States Postal Service, as part of a pattern of illegal activity involving more than $100,000 in a 12-month period, by breaking down amounts of currency deposited into amounts of $10,000 or less prior to such deposits.

(Title 31, United States Code, Sections 5324(a)(3), 5324(d)(1) and 5324(d)(2); Title 18, United States Code, Sections 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

12. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property, including but not limited to, $112,313.00 in United States currency seized on or about June 23, 2017.

13. If any of the above-described forfeitable property, as a result of any act or ommission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO AND THREE

14. The United States hereby gives notice to the defendants that, upon their conviction of either of the offenses charged in Count Two and Three, the government will seek forfeiture in accordance with Title 31, United States Code, Section 5317(c)(1)(A), which requires any person convicted of such offenses to forfeit any property, real or personal, involved in such offenses, or any property traceable to such property, including but not limited to, $112,313 in United States currency seized on or about June 23, 2017.

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 31, United States Code, Section 5317(c)(1)(B), to seek

forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 31, United States Code, Sections 5317(c)(1)(A) and 5317(c)(1)(B); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
BRIDGET M. ROHDE
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. # 2017R01799

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT
EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*FLORO ANTONIO MACIEL BENEGAS, TARCISCIO FERREIRA, and FAUSTO PERALTA,*

Defendant.

## INDICTMENT

((T. 31, U.S.C., §§ 5313, 5316(a)(1)(A), 5316(b), 5317(c)(1)(A), 5317(c)(1)(B), 5322(a), 5322(b), 5324(a)(3) and 5324(d)(2); T. 21, U.S.C., §§ 853(p); T. 18, U.S.C., §§ 1960(a), 982(a)(1), 982(b)(1)(2 and 3551 et seq.)

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

_____

*Burton T. Ryan, Jr., Assistant U.S. Attorney (631) 715-7853*